UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JAMES ARTFITCH, | : | |
| | : | Civil Action No. 14-2221 (SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

*Pro se* Petitioner James Artfitch, a prisoner confined at the FCI Fort Dix, Fort Dix, New Jersey, seeks to file a motion to vacate, pursuant 28 U.S.C. § 2255. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. §2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a).

Petitioner did not use the habeas form supplied by the Clerk for Section 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014).

THEREFORE, it is on this 22nd day of April, 2014,

ORDERED that the Clerk of the Court shall administratively terminate this matter, without filing the motion; and Petitioner is informed that an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if this matter is reopened in accordance with the terms of this Memorandum and Order, it is not subject to the statute of limitations time bar if Petitioner's original submission in this matter was filed timely, *see Papotto v. Hartford*

*Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner's mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (*per curiam*) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs"); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank section 2255 form titled "AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014)"; and it is further

ORDERED that the Clerk's service of the blank Section 2255 form shall not be construed as a finding by the Court concerning whether Petitioner's original submission in this matter is timely, whether Petitioner's claims are procedurally defaulted, and/or whether his claims are or are not meritorious; and it is further

ORDERED that if Petitioner wishes to reopen this matter, he shall so notify the Court in writing, addressed to the Clerk of the Court, within 30 days of the date of entry of this Memorandum and Order.  Petitioner's written submission shall include a complete, signed habeas petition on the appropriate form; and it is further

ORDERED that upon receipt of a written submission from Petitioner stating that he wishes to reopen this matter, and a complete, signed petition, the Clerk of the Court will be directed to reopen this matter; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

                                                    s/ Stanley R. Chesler
                                                 STANLEY R. CHESLER
                                               United States District Judge