NOT FOR PUBLICATION                                                                                          CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES ARTFITCH, | |
| Petitioner, | Civil Action No. 14-2221 (SRC) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |
| JAMES ARTFITCH, | |
| Petitioner, | Civil Action No. 14-3114 (SRC) |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | **APPLIES TO BOTH ACTIONS** |
| Respondent. | |

**CHESLER, District Judge:**

On May 15, 2014, the Clerk received Petitioner's first motion to vacate, pursuant 28 U.S.C. § 2255.  *See Artfitch v. United* States ("*Artfitch-I*"), Civil No. 14-2221, ECF No. 1.  Since the motion arrived executed on an improper form, this Court directed the Clerk to serve Petitioner with a blank copy of the proper form and administratively terminate *Artfitch-I* subject to reopening upon timely receipt of the motion executed on the new form.  *See id.* ECF No. 3.[1]

---

[1] The Court provided Petitioner with the following guidance:

> *Pro se* Petitioner James Artfitch, a prisoner confined at the FCI Fort Dix, Fort Dix, New Jersey, seeks to file a motion to vacate, pursuant 28 U.S.C. § 2255.  Local Civil Rule 81.2 provides:

1

> The Court clarified to Petitioner
>
> that administrative termination [was] not a "dismissal" for purposes of the statute of limitations, and if [his *Artfitch-I* matter were] reopened in accordance with the terms of [the Court's] Order, it [was] not subject to the statute of limitations time bar if Petitioner's original submission in [*Artfitch-I*] was filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner's mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (*per curiam*) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs").

*Artfitch-I*, ECF No. 3, at 1-2.

The Clerk duly complied with this Court directive, but Petitioner did not. Instead of submitting his motion on the new form in *Artfitch-I*, Petitioner commenced a new matter, *Artfitch v. United States* ("*Artfitch-II*"), Civil Action No. 14-3114, by refiling his old motion on the improper form. *See Artfitch-II*, ECF No. 1. However, his submission made in *Artfitch-II* is as deficient as that made in *Artfitch-I*, and his *Artfitch-II* action is duplicative of *Artfitch-I*.

> The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (quoting *Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" *Id.* (quoting *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)).

*Porter v. NationsCredit Consumer Disc. Co.,* 2003 Bankr. LEXIS 933, at *33 (Bankr. E.D. Pa. 2003).

---

> Unless prepared by counsel, . . . motions under 28 U.S.C. § 2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, *on forms supplied by the Clerk*.

L. Civ. R. 81.2(a) (emphasis supplied).

Petitioner did not use the habeas form supplied by the Clerk for Section 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014).

*Artfitch-I*, ECF No. 3, at 1.

**IT IS**, therefore, on this 28th day of May, 2014,

**ORDERED** that the Clerk shall reopen *Artfitch v. United* States, Civil No. 14-2221, by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank § 2255 form titled "AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014)" for Petitioner's completion and filing in *Artfitch v. United* States, Civil No. 14-2221; and it is further

**ORDERED** that the Clerk's service of the blank § 2255 form shall not be construed as this Court's finding that if Petitioner's original submission in *Artfitch v. United* States, Civil No. 14-2221, was or was not timely, or that Petitioner's claims were or were not procedurally defaulted, or that these claims were or were not meritorious; and it is further

**ORDERED** that Petitioner's time to reopen *Artfitch v. United* States, Civil No. 14-2221, is extended, and if he wishes to reopen *Artfitch v. United* States, Civil No. 14-2221, he shall so notify the Court, in a writing addressed to the Clerk, within 30 days of the date of entry of this Memorandum and Order.  Petitioner's writing shall include a complete, signed habeas petition on the appropriate form served to him by the Clerk; [2] and it is further

---

[2]  Unlike the form utilized by Petitioner, the current form provides litigants with *Miller* notice.

> In *United States v. Miller,* 197 F.3d 644, 652 (3d Cir. 1999) the Court of Appeals instructed district courts to warn § 2255 petitioners of the effect of their pleadings and to give them an opportunity to file one all-inclusive § 2255 petition within the one-year statutory period.  Such warning, the *Miller* court reasoned, was necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.

*Cuartas v. United States*, No. 13-6180, 2014 U.S. Dist. LEXIS 13527, at *7-8, n.3 (D.N.J. Feb. 1, 2014).  Without having Petitioner's signed statement that his § 2255 motion is his all-inclusive § 2255 petition, this Court will not screen, direct answer or rule on Plaintiff's motion.

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen *Artfitch v. United* States, Civil No. 14-2221, and a complete, signed petition on the new form, containing a signed *Miller* notice, the Clerk will be directed to reopen *Artfitch v. United* States, Civil No. 14-2221; and it is further

**ORDERED** that the Clerk shall administratively terminate *Artfitch v. United* States, Civil No. 14-2221, by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED SUBJECT TO REOPENING UPON TIMELY RECEIPT OF PETITIONER'S ALL-INCLUSIVE MOTION ON THE PROPER FORM"; and it is further

**ORDERED** that the Clerk shall terminate *Artfitch v. United States,* Civil Action No. 14-3114, as duplicative, by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED"; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

                                              s/ Stanley R. Chesler
                                              **STANLEY R. CHESLER,**
                                              **United States District Judge**