**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

|  |  |  |
|---|---|---|
| JAMES ARTFITCH, | : | |
| | : | Civ. Action No. 14-2221(SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**CHESLER**, District Judge:

This matter is before the Court upon Petitioner's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (ECF No. 5.)

**I.   BACKGROUND**

In September 2009, Petitioner was indicted on three counts of distribution of child pornography and two counts of possession of child pornography. (Answer, ECF No. 8 at 2.) On July 7, 2010, Petitioner pled guilty to one count of possession of child pornography. (Id. at 3); U.S. v. Artfitch, 505 F. App'x 154 (3d Cir. 2012). Prior to sentencing, Petitioner wrote a letter to the Court stating he was not guilty and that his lawyer forced him to take the plea offer. Id. After Howard

1

Brownstein was appointed to represent Petitioner, he filed a formal motion to withdraw his plea. (Answer at 3.) Petitioner alleged someone else had access to his computer, and that there was child pornography on his computer that "did not emanate from the use of said computer." (Id.) After a hearing, the Court denied the motion. (Id. at 4); (Hearing Transcript, U.S. v. Artfitch, 09cr697(SRC) (D.N.J. Sept. 19, 2011)(ECF No. 50.) On November 28, 2011, Petitioner was sentenced to 97 months imprisonment and five years of supervised release. (Id. at 5); Artfitch, 505 F. App'x at 155.

On November 15, 2012, the Third Circuit Court of Appeals denied Petitioner's pro se direct appeal, after granting defense counsel's motion to withdraw. Id. at 156. Petitioner filed the instant motion under 28 U.S.C. § 2255 on June 18, 2014. (ECF No. 5.)[1]

Petitioner alleged four grounds for relief. (Pet. ¶ 12.) In Ground One, Petitioner asserted his first two appointed trial counsel, John Yauch and John Azzarello, failed to investigate facts that would have shown reasonable doubt that he was the person who possessed the computer files in question. In Ground

---

[1] Petitioner first filed a § 2255 motion on April 7, 2014, but the proceeding was administratively terminated because he did not use the proper form for his petition. (ECF No. 3.) The case was reopened when Petitioner corrected this deficiency. (ECF No. 5.)

2

Two of the petition, Petitioner alleged ineffective assistance of counsel because John Yauch and John Azzarello did not investigate witnesses who could establish Petitioner did not have access to a computer on certain dates and times in question.

In his third ground for relief, Petitioner alleged his third appointed counsel, Howard B. Brownstein, was ineffective because he did not appeal the denial of Petitioner's motion to withdraw his plea. Petitioner further alleged Brownstein was ineffective at sentencing because he did not present arguments based on the affidavit of Ricardo Aleman, a computer technician, or on disputed facts in the presentence report.

In Petitioner's fourth and final ground for relief, he contends Brownstein was ineffective by filing an Anders brief and withdrawing from representing Petitioner on appeal. Petitioner alleged there was evidence that could have exonerated him regarding Petitioner's AOL account history, none of which Petitioner saw until he asked to have his personal information returned from Brownstein.

Respondent filed an answer, asserting three reasons to deny the § 2255 motion without an evidentiary hearing. First, Respondent contends the motion should be denied because Petitioner, in his plea agreement, waived his right to file a motion under § 2255 "which challenges the sentence imposed by

3

the sentencing court if that sentence falls within or below a total Guidelines range that results from the agreed total Guidelines offense level of 30." (Answer, Exhibit E.) Respondent asserts the sentence was within the guidelines range resulting from a total offense level of 30.

Second, Respondent contends the motion should be denied because it is untimely. (Answer at 7.) According to Respondent, Petitioner's conviction became final on or about February 15, 2013, at which time he had one year to file his § 2255 motion. (Id.) Petitioner did not file his motion until April 7, 2014. (Id.)

Respondent's third basis to deny Petitioner's motion is that Petitioner's ineffective assistance of counsel claims lack merit. (Id. at 8.) Respondent contends that Petitioner was not convicted of distribution of pornography, and the facts Petitioner alleged counsel should have investigated would not exonerate him for possession of child pornography. (Id. at 11) Moreover, Petitioner unequivocally confessed to possessing child pornography. (Id. at 12.)

Respondent further contends Petitioner's first two claims of ineffective assistance against Brownstein did not prejudice Petitioner, who was given a significantly below guidelines sentence. (Id. at 14.) Petitioner's third claim against Brownstein is based on a misunderstanding of the fact that law

4

enforcement may subpoena and receive an individual's electronic data months or even years before the individual is charged, without notifying the individual that their data was accessed. (Id. at 15).

Petitioner submitted a response to the answer. (ECF No. 11.) Therein, Petitioner denied that he had admitted to sending or receipt of child pornography. (Id. at 1.) Petitioner contends Respondent misconstrued the evidence Petitioner presented, the point of which was to show that someone else had access to Petitioner's computer, not that Petitioner did not send any emails.

Furthermore, Petitioner asserts the non-appealability clause of his plea agreement cannot trump his constitutional right to effective assistance of counsel. And finally, Petitioner asserts he attached to his petition a court order that demonstrates his § 2255 motion was timely. Petitioner submitted the final page of the Third Circuit's Order affirming the District Court, which is dated November 20, 2012. (Pet., ECF No. 5 at 25.) There is a stamp on the bottom of the page, signed by the Clerk of Court, which provides:

> Mandate originally issued on 12/19/12 was recalled on 12/27/12. This document is certified as a true copy and reissued in lieu of a formal mandate on 4/29/13.

Id.

## II.  DISCUSSION

### A.  Timeliness of the Motion

18 U.S.C. § 2255(f) provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;

Respondent argues Petitioner's judgment of conviction became final on February 15, 2013, ninety days after the Third Circuit denied Petitioner's direct appeal on November 20, 2012. Petitioner asserts he relied on the date the Third Circuit reissued a certified copy of its original mandate, April 29, 2013.

In Clay v. United States, the Supreme Court was asked to adopt the following rule: "When a convicted defendant does not seek certiorari on direct review, § 2255's limitation period starts to run on the date the court of appeals issues its mandate." 537 U.S. at 529 (2003). The Court declined to adopt this rule. Id. at 532. Instead, the Court held "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Id.

In dicta, the Court examined the meaning of the word "final." Id. at 527. The Court noted that "finality" is variously defined, with its precise meaning dependent on context. Id. For the purpose of seeking review by the Supreme Court of a final decision, "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Id. (quoting Supreme Court Rule 13.3).

However, the second part of Supreme Court Rule 13.3 provides:

> if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

In this case, on January 28, 2013, the Third Circuit granted Petitioner's motion to file a petition for rehearing out of time. See Docket, U.S. v. Artfitch, No. 12-1253, 505 F. App'x 154 (3d Cir. Nov. 20, 2012) (available on Westlaw Next). The Third Circuit then issued an order denying rehearing on April 19, 2013. (Id.)

Thus, the ninety-day period upon which Petitioner had to seek review by the Supreme Court started to run on April 19,

7

2013, the date of entry of the Third Circuit's order denying rehearing. See Hibbs v. Winn, 542 U.S. 88, 97 (2004) (citing Young v. Harper, 520 U.S. 143, 147, n. 1 (1997) (appeals court agreed to consider a late-filed rehearing petition; timeliness of petition for certiorari measured from date court disposed of rehearing petition). Therefore, the one-year habeas period of limitation did not expire until April 19, 2014. Petitioner's motion, originally filed on April 7, 2014,[2] is timely.

### B. Wavier of Right to File a Motion Under 28 U.S.C. § 2255

Petitioner signed a plea agreement on June 28, 2010, attached as Exhibit E to Respondent's Answer. (ECF No. 8-5.) In the plea agreement, under the heading "Waiver of Appeal and Post-Sentencing Rights," the plea agreement states:

> As set forth in Schedule A, this Office and James Artfitch waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

(ECF No. 8-5 at 5.)

---

[2] An administrative termination in the district court is not a dismissal for purposes of the statute of limitations. Thus, when the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely. See Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals because district courts retain jurisdiction over administratively terminated cases and may reopen at any time).

Schedule A of the plea agreement provides, in relevant part:

> 11. James Artfitch knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below a total Guidelines offense level of 30. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above a total Guidelines offense level of 29. . . .
>
> 12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

(ECF No. 8-5 at 9.)

Although this Court found a total offense level of 34, (Sentencing Transcript, ECF No. 51 at 5), the Court sentenced within the guideline range from a total offense level of 30, 97-months imprisonment. (Judgment, ECF No. 8-6); (Sentencing Transcript, ECF No. 51 at 20); Federal Sentencing Guidelines, USSG Sentencing Table, Ch. 5, Pt. A, 18 U.S.C.A.

Petitioner argues that "the non-appealability clause of his plea agreement cannot trump his right to effective assistance of

counsel, a constitutional right." (Response, ECF No. 11 at 1.) Petitioner does not cite authority in support of his argument.

The Third Circuit, in U.S. v. Grimes, 739 F.3d 125, (3d Cir. 2014), declined to address the petitioner's argument that appellate waivers are invalid per se if they do not "carve out claims of ineffective assistance concerning the same attorney who counseled the plea," acknowledging that it would likely have the opportunity to address this argument in another case. Given the unsettled law in this area and despite the fact, based on review of the transcript of Petitioner's plea colloquy,[3] that Petitioner knowingly and voluntarily waived his right to file a motion under 28 U.S.C. § 2255,[4] this Court will address Petitioner's ineffective assistance of counsel claims.

---

[3] U.S. v. Artfitch, 09cr697(SRC) (D.N.J. July 7, 2010)(ECF No. 52.)

[4] In United States v. Mabry, the Third Circuit held that a criminal defendant's waiver of appeal and collateral challenge rights was enforceable because it was knowing and voluntary and would not work a miscarriage of justice; and defendant's waiver could bar his ineffective assistance of counsel claim based on counsel's failure to file a requested notice of appeal. 536 F.3d 231 (3d Cir. 2008). In Mabry, the Third Circuit distinguished the case before it from one where the petitioner alleged counsel was ineffective or coercive in negotiating the plea. Id. at 243 (citing United States v. Wilson, 429 F.3d 455 (3d Cir. 2005)(stating that enforcing a waiver in connection with a coerced plea would work a miscarriage of justice, but then determining, based on the plea colloquy, that the plea was knowing and voluntary). In this case, the Court will broadly construe Petitioner's argument against waiver as one that enforcement of the waiver would work a miscarriage of justice due to ineffective assistance of counsel in negotiating the plea. Essentially, Petitioner claims if Yauch and Azzarello had

C.  **Standard of Law**

The test for ineffective assistance of counsel in violation of the Sixth Amendment right to counsel was announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). The Strickland test has two prongs:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning "as counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687.

The first prong of the test "requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985)). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the

---

not failed to investigate facts that Petitioner believes might have exonerated him, he would not have pled guilty. Petitioner's claims against Brownstein relate, in part, to alleged ineffective assistance in representing Petitioner with respect to his motion to withdraw his plea.

11

circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689. "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8 (2003) (citing Bell v. Cone, 535 U.S. 685, 702 (2002); Kimmelman v. Morrison, 477 U.S. 365, 382 (1986); Strickland, 466 U.S. at 689; United States v. Cronic, 466 U.S. 648, 656 (1984)).

The second prong of the Strickland test, prejudice, requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The "ultimate focus" of the prejudice inquiry is on the fundamental fairness of the proceeding. Lafler, 132 S.Ct. at 1394 (quoting Strickland, 466 U.S. at 696). "A reasonable probability is one 'sufficient to undermine confidence in the outcome.'" Collins v. Sec. of Dep't of Corr., 742 F.3d 528, 547 (3d Cir. 2014) (quoting Strickland, 466 U.S. at 694).

In Premo v. Moore, 562 U.S. 115, 123 (2011), the Supreme Court addressed the issue of whether counsel was deficient by failing to seek suppression of petitioner's confession to police before advising petitioner to accept a plea offer. The Court discussed reasons why strict adherence to the Strickland

standard is essential when reviewing the choices an attorney made at the plea bargain stage. The Court stated:

> . . . ineffective-assistance claims that lack necessary foundation may bring instability to the very process the inquiry seeks to protect. Strickland allows a defendant "to escape rules of waiver and forfeiture," [*U.S. v.*] *Richter*, 562 U.S. [86] at [105], 131 S.Ct. 770. Prosecutors must have assurance that a plea will not be undone years later because of infidelity to the requirements of AEDPA and the teachings of *Strickland*. The prospect that a plea deal will afterwards be unraveled when a court second-guesses counsel's decisions while failing to accord the latitude *Strickland* mandates or disregarding the structure dictated by AEDPA could lead prosecutors to forgo plea bargains that would benefit defendants, a result favorable to no one.
>
> Whether before, during, or after trial, when the Sixth Amendment applies, the formulation of the standard is the same: reasonable competence in representing the accused. *Strickland*, 466 U.S., at 688, 104 S.Ct. 2052. In applying and defining this standard substantial deference must be accorded to counsel's judgment. *Id.*, at 689, 104 S.Ct. 2052. But at different stages of the case that deference may be measured in different ways.
>
> In the case of an early plea, neither the prosecution nor the defense may know with much certainty what course the case may take. It follows that each side, of necessity, risks consequences that may arise from contingencies or circumstances yet unperceived. The absence of a developed or an extensive record and the circumstance that neither the prosecution nor the defense case has been well defined create a particular risk that an after-the-fact assessment will run counter to the deference

13

>            that must be accorded counsel's judgment and
>            perspective when the plea was negotiated,
>            offered, and entered.

Id. at 126.

### D. Ineffective Assistance Claims Against Yauch and Azzarello

In Ground One of the petition, Petitioner alleged his first two assigned attorneys, John Yauch and John Azzarello, failed to investigate the fact that Petitioner's computer crashed and was repaired twice. Inherent in Petitioner's claim is that he would not have pled guilty if counsel had investigated and advised him concerning this evidence.

Petitioner has not explained how his counsel was ineffective by failing to investigate repairs to Petitioner's computer. Presumably, Petitioner was aware that he had his computer repaired after it crashed and could have advised his counsel. Any claim that repair of Petitioner's computer resulted in the presence of images of child pornography on Petitioner's computer, without significantly more evidence indicating that is how and when the images were placed on Petitioner's computer, is so far-fetched that counsel can by no means be found ineffective for failing to investigate such a claim.

Petitioner also alleged Yauch and Azzarello failed to investigate evidence Petitioner later obtained from a computer consultant, Ricardo Aleman, suggesting that the email messages

14

in question may not have been sent from Petitioner's computer. (Pet., ECF No. 5 at 4.) Aleman's affidavit contained three sentences:

> 1. I am a computer consultant.
>
> 2. Evidence found in AOL email syncs with AOL's servers and so does not indicate by itself that the mail items in question were sent from the computer in question.
>
> 3. Event logs indicate that even though activities in question did occur via these AOL accounts, some did not occur via the computer in question.

(Certification of Ricardo Aleman, ECF No. 5 at 16.)

This evidence does not suggest Petitioner did not possess child pornography in his computer files, which is the only count that Petitioner pled guilty to. Furthermore, the evidence does not establish that Petitioner could not or did not use his email account to send and receive emails using a different computer. Thus, there was no reason for counsel to investigate such facts before advising Petitioner to plead guilty to possession of child pornography, based on evidence that there were over 600 images of child pornography in Petitioner's computer files. (See Transcript of Plea Colloquy, ECF No. 52 at 22.)

In Ground Two of his petition, Petitioner alleges Yauch and Azzarello were ineffective for failing to investigate witnesses who could establish he was not at home or did not have access to

his computer when certain emails were sent, and because he was working two jobs, he had no time to be on his computer. For Petitioner to be found guilty of the only count that he pled guilty to, possession, the Government did not have to prove that Petitioner sent certain emails or that he was looking at his computer at any specific time. The evidence Petitioner asserts counsel should have investigated does little if anything to suggest Petitioner should not have pled guilty to possessing child pornography on his computer, as he confessed in the plea colloquy.

### D. Ineffective Assistance Claims Against Brownstein

In Ground Three of the petition, Petitioner contends his third appointed counsel, Howard B. Brownstein, was ineffective by: (1) "not appealing the decision of the hearing to retract the plea that I was backed into by the second counsel;"[5] (2) failing to use Aleman's affidavit for sentencing purposes; and (3) failing to dispute facts in the presentence report at sentencing.

First, Petitioner cannot show prejudice resulting from Brownstein filing an <u>Anders</u> motion because the Third Circuit reviewed the record and confirmed that Petitioner was not

---

[5] In Ground Four, Petitioner raised the same claim, framing it as ineffective assistance of counsel by filing an <u>Anders</u> brief when Petitioner "tried to appeal the hearing to retract my plea."

16

entitled to withdraw his guilty plea. U.S. v. Artfitch, 505 F. App'x 154 (3d Cir. 2012).

Second, Petitioner was not prejudiced by the fact that Brownstein did not use Aleman's affidavit in sentencing. It is not at all clear how the affidavit could have supported a shorter sentence; therefore, Brownstein was not ineffective for not presenting it. Additionally, Petitioner was sentenced to 97-months imprisonment, well below the 120-month sentence requested by the Government, suggesting Brownstein's strategy at the sentencing stage was effective. (Sentencing Transcript, U.S. v. Artfitch, 09cr697(SRC) (D.N.J. Nov. 28, 2011)(ECF No. 51 at 15-16.)

Finally, in Ground Four of the Petition, Petitioner asserts evidence was withheld from him until he requested that his file be returned after counsel withdrew, and such evidence "could have given me a chance at trial." (Id.) The Court has reviewed the evidence attached to the petition in support of Petitioner's claim, account information concerning Petitioner's AOL account, and finds that it does not provide any reasonable basis to conclude Petitioner did not possess child pornography on his computer during the relevant time period. (ECF No. 5 at 17-24.) Thus, counsel was not ineffective for failing to present this evidence at sentencing or on appeal.

### III. CONCLUSION

In the accompanying Order, Petitioner's § 2255 motion will be denied on the merits.

### IV. CERTIFICATE OF APPEALABILITY

This Court must determine whether Petitioner is entitled to a certificate of appealability in this matter. Third Circuit Local Appellate Rule 22.2. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The discussion of Petitioner's claims above demonstrates that Petitioner has not made such a showing, and this Court will not issue a certification of appealability.

DATED: 6/17/15

STANLEY R. CHESLER
**United States District Court**